UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
COURT FILE NO: CV-

| | |
|---|---|
| EILEEN CURRY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No.: |
| ) | |
| NORTHSTAR LOCATION SERVICES LLC, ) | |
| a New York limited liability company, ) | |
| ) | |
| Defendant ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |

**COMPLAINT**

**I.   JURISDICTION AND VENUE**

1. Jurisdiction arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Northstar Location Services, LLC is a New York limited liability company subject to personal jurisdiction in the State pursuant to 10 Del. C. § 3104(c)(1) – (4).

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) or (b)(2), because a substantial portion of the acts giving rise to this litigation occurred within this District and because Plaintiff resides here and Defendant transacts business here.

**II.   PARTIES**

4. Plaintiff, Eileen Curry ("Plaintiff"), is a natural person residing in Kent County, Delaware and is a "consumer" as that term is defined by 15 U.S.C.

§ 1692a(3) and/or a person affected by a violation of the FDCPA with standing to bring a claim under 15 U.S.C. § 1692k.

5. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

6. Northstar Location Services, LLC ("Northstar" or "Defendant") is upon information and belief, a New York limited liability company with its principal place of business located at 4285 Genesee Street, Cheektowaga, NY 14225, and whose Registered Agent for service of process is listed with the Delaware Secretary of State as The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801.

7. At all times relevant herein, Northstar operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and on behalf of each other.

8. Northstar at all times relevant hereto, used an instrumentality of interstate commerce or the mail in its business, the principal purpose of which was the collection of debts, and regularly collected or attempted to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

9. At all times material and relevant hereto, Defendant is individually liable to Plaintiff, and/or liable through the principles of *respondeat superior*, agency and apparent agency.

### III.   FACTUAL ALLEGATIONS

10. On or about 8/17/2021, Ally Financial filed a lawsuit against Plaintiff in Delaware Justice of the Peace Court alleging that Plaintiff owed a debt of $6,932.04 under an account number ending in 1920.

11. On April 28, 2022, the matter between Ally Financial and Plaintiff related to the account ending in 1920 was resolved pursuant to a confidential settlement agreement and mutual release.

12. Thereafter, Ally Financial and Plaintiff filed a Stipulation of Dismissal and the Delaware Justice of the Peace Court ordered dismissal of the lawsuit, with prejudice, on 5/23/2022.

13. On or about 5/6/2022, eight (8) days after Plaintiff resolved the alleged debt with Ally, Defendant Northstar sent to Plaintiff via U.S. Mail a debt collection letter, attempting to collect a debt allegedly owed to Ally Financial, with account number 020925101920.

14. According to Northstar's 5/6/2022 letter, the Plaintiff owed Ally Financial $5,472.49 ($6,932.04 as of 8/6/2019, plus fees of $1,299.88, minus credits of $2,759.49).

15. Plaintiff received the 5/6/2022 letter from Northstar on or about 5/12/2022.

16. On or about 6/17/2022 – nearly two (2) months after the matter between Plaintiff and Ally was resolved and nearly one (1) month after the Delaware lawsuit by Ally was dismissed – Northstar sent to Plaintiff via U.S. Mail a second debt collection letter alleging that the Plaintiff owed to Ally $5,472.49 and offering a settlement in exchange for Plaintiff paying $547.25.

17. The 6/17/2022 letter from Defendant Northstar stated that "Due to the age of your account the above creditor is not able to file suit against you but if you take certain specific action such as making a payment or making a written promise to pay, the time for filing a suit will be reset."

18. Plaintiff received the 6/17/2022 letter from Northstar on or about 6/24/2022.

19. The representations made by Northstar are inaccurate and conflict with other representations made by and/or on behalf of Ally Financial.

20. Defendant misrepresented the existence of, and/or the amount of, the alleged debt at the time it sent debt collection letters to the Plaintiff.

21. Defendant misrepresented the status of the debt as barred by the statute of limitations and able to be revived through potential action by Plaintiff.

22. Defendant's representations to Plaintiff are material, deceptive, false and misleading.

23. Defendant misrepresented the character, amount and/or legal status of the debt.

24. Defendant knew or should have known that its actions violated the FDCPA.

25. Defendant failed and neglected to take the appropriate actions to comply with the FDCPA and failed to adequately review its actions to ensure compliance with the FDCPA.

26. Defendant did not maintain reasonable procedures to prevent violation of the FDCPA.

27. At all times relevant hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, negligent and in

wanton disregard for the rights of the Plaintiff and for its obligations under the FDCPA.

28. The acts and omissions of the employees, agents and/or assigns of the Defendant were committed within the time and space limits of their agency relationship with Defendant. Defendant is, therefore, liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, willful, reckless and negligent acts, errors, and omissions or its employees, agents or assigns.

### IV.   CAUSE OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

29. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

30. Defendant's actions toward Plaintiff were materially false, deceptive, unfair, unconscionable and misleading as follows:

   a. Defendant violated 15 U.S.C. § 1692e by making false, deceptive or misleading representations in connection with the debt collection in its letters as previously set forth in this Complaint;

   b. Defendant violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount and legal status of the alleged debt;

   c. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt because no such debt was owed nor was it judicially enforceable;

   d. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress or abuse any person.

  e. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to collect a debt, and/or by attempting to collect an unauthorized interest, fee, charge or expense.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, *et seq.*

32. As a direct and proximate result of Defendant's illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and/or expenses.

33. As a direct and proximate result of Defendant's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anxiety, frustration, fear, embarrassment and harm to her reputation.

34. Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, statutory damages, costs and attorney's fees in accordance with 15 U.S.C. § 1692k.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Eileen Curry, respectfully demands judgment and damages from Defendant as follows:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

## VI.     DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable.  *US Const. amend. 7; Fed.R.Civ.P. 38.*

Respectfully submitted,

**LAW OFFICE OF MARY HIGGINS, LLC**

*/s/Mary Higgins*
By: Mary Higgins, Esquire
Attorney I.D. #4179
University Office Plaza
Commonwealth Building
260 Chapman Road, Suite 201
Newark, DE  19702
(ph) 302-894-4357
(fx)  302-318-1301
**mary.higgins@letsbelegal.com**
Attorney for Plaintiff

Dated:  July 12, 2022